In the Matter of the Application for
DISCIPLINARY ACTION AGAINST
Donald K. RORVIG.

DISCIPLINARY BOARD OF the SU-
PREME COURT OF the STATE OF
NORTH DAKOTA, Petitioner,

v.

Donald K. RORVIG, Respondent.

Nos. 910249, 920378.

Supreme Court of North Dakota.

Jan. 13, 1993.

ORDER FOR SUSPENSION

On August 7, 1991, an Application for
Interim Suspension of Donald K. Rorvig, a
member of the bar of the State of North
Dakota, was filed by Vivian E. Berg, coun-
sel for the Disciplinary Board of the Su-
preme Court. The Application was based
upon the felony convictions of Mr. Rorvig
for mail fraud and transportation of stolen
money. On August 15, 1991, the Supreme
Court entered an order immediately sus-
pending Mr. Rorvig from the practice of
law in North Dakota.

The record of the disciplinary proceed-
ings filed with this Court shows that a
Petition for Discipline and Summons were
served upon Mr. Rorvig on April 11, 1989.
The Petition alleged violations of the DR 1–
102(A)(4) and (6), North Dakota Code of
Professional Responsibility, Rules 1.15(b)
and 1.7(b), North Dakota Rules of Profes-
sional Conduct and additionally or alterna-
tively, section 27–14–02(7) of the North Da-
kota Century Code.

The matter was brought before a Hear-
ing Body of the Disciplinary Board by stip-
ulation. In the Stipulation filed by Donald
Rorvig and Vivian Berg, Disciplinary Coun-
sel, Mr. Rorvig admitted that he misappro-
priated $58,181.98 from American Family
Insurance Company. It was agreed that
significant mental impairment mitigation
existed pursuant to Rule 9.3 North Dakota
Standards for Imposing Lawyer Sanctions.

The Hearing Body made its Findings and
Recommendations to the Disciplinary
Board, accepting the Stipulation and recom-
mended discipline filed by Mr. Rorvig and
Ms. Berg. The Stipulation recommended
Mr. Rorvig's suspension from the practice
of law for three years after which time he
may apply for reinstatement. As a condi-
tion of reinstatement, Mr. Rorvig would be
subject to an additional five years of super-
vised probation. Further, Mr. Rorvig
would be required to pay American Family
Mutual Insurance Company full restitution
unless the debt is compromised by mutual
consent between the parties or terminated
by order of the United States District
Court. Finally, Mr. Rorvig would be re-
sponsible for the costs and expenses of the
disciplinary proceedings in the amount of
$1000.00.

On December 4, 1992, the Disciplinary
Board unanimously adopted the Findings
and Recommendations of the Hearing
Body. On December 17, 1992, the Disci-
plinary Board filed its Report with the Su-
preme Court for consideration pursuant to
Rule 3.1(F), NDPRLDD. The Court consid-
ered the matter, and

ORDERED, that Donald K. Rorvig be
suspended from the practice of law for
three years from the date of this order at
which time he may apply for reinstatement
pursuant to Rule 4.5, NDPRLDD. If rein-
statement is granted, one of the conditions
will be that Mr. Rorvig be subject to an
additional five years of supervised proba-
tion.

IT IS FURTHER ORDERED, that Mr.
Rorvig be required to pay full restitution to
American Family Insurance Company in

the amount of $58,181.98 unless the debt is compromised by mutual consent of the parties or the debt is terminated by order of the United States District Court, case number C3-90-65-01.

IT IS FURTHER ORDERED, that Mr. Rorvig be required to pay the reasonable costs and expenses of the disciplinary proceedings in the amount of $1000.00.

/s/ Gerald W. VandeWalle, C.J.
Gerald W. VandeWalle, Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke, Justice

/s/ Beryl J. Levine
Beryl J. Levine, Justice

/s/ William A. Neumann
William A. Neumann, Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom, Justice